**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SCC KYLE PARTNERS, LTD** | § | **Case No.  12-11978-hcm** |
| | § | |
| **Debtor.** | § | |

## DEBTOR'S PROPOSED PLAN OF REORGANIZATION

HOHMANN, TAUBE & SUMMERS, L.L.P.
Eric J. Taube
State Bar No. 19679350
Mark C. Taylor
State Bar No. 19713225
100 Congress Avenue, 18th Floor
Austin, Texas 78701
Phone: (512) 472-5997
Fax: (512) 472-5248

ATTORNEYS FOR DEBTOR

## INTRODUCTION

SCC Kyle Partners, Ltd. ("Debtor") the Debtor in Possession in this chapter 11 case, proposes the following plan of reorganization for the resolution of its outstanding claims and equity interests.

**All holders of Claims against, and Equity Interests in, the Debtor are encouraged to read this Plan, the Disclosure Statement, and the related materials in their entirety.**

Subject to the restrictions on modifications set forth in Bankruptcy Code section 1127, Bankruptcy Rule 3019, and Article XIII of this Plan, the Debtor reserve the right to alter, amend, or modify this Plan one or more times before its substantial confirmation.

## ARTICLE I
## DEFINITIONS AND RULES OF INTERPRETATION

**1.01.  Defined Terms**. Capitalized terms used in the Plan have the meanings set forth in Article I. Capitalized terms used in the Plan which are not defined in the Article I but which are defined in the Bankruptcy Code shall have the respective meanings specified in the Bankruptcy Code.

**1.02.  Rules of Interpretation**. Unless otherwise provided herein for purposes of the Plan: (a) whenever it is appropriate from the context, each term, whether stated in the singular or the plural, will include both the singular and the plural; (b) any reference in the Plan to a contract, instrument, release, or other agreement or document being in a particular form or on particular terms **and** conditions means that such document will be substantially in such form or substantially on such terms and conditions; (c) any reference in the Plan to an existing document or exhibit filed or to be filed means such document or exhibit, as it may have been or may be amended, modified, or supplemented pursuant to the Plan; (d) any reference to any Entity as a holder of a Claim includes that Entity's successors and assigns; (e) all references in the Plan to sections, Articles, and exhibits are references to sections, Articles, and exhibits of or to the Plan; (f) the words "herein," "hereof," "hereunder," "hereto" and others of similar import refer to the Plan in its entirety rather than to a particular portion of the Plan; (g) captions and headings to Articles and sections are inserted for convenience of reference only and are not intended to be a part of, or to affect the interpretation of, the Plan; and (h) the rules of construction set forth in section 102 of the Bankruptcy Code will apply.

**1.03.  Computation of Time**. In computing any period of time prescribed or allowed by the Plan, the **provisions** of Bankruptcy Rule 9006(a) will apply.

As used in this Plan, the following terms have the following meanings:

**1.04.  "Administrative Claim" or "Administrative Expense Claim"** means a Claim for any cost or expense of administration of the Chapter 11 Case Allowed under Bankruptcy Code §§ 503(b), 507(b) **or** 546(c)(2) and entitled to priority under Bankruptcy Code § 507(a)(1), including: (a) fees payable under 28 U.S.C. § 1930; (b) actual and necessary costs and expenses incurred in the ordinary course of a Debtor' business; (c) actual and necessary costs and

1

expenses of preserving an Estate or administering the Chapter 11 Case; and (d) all Professional Fee Claims to the extent Allowed by Final Order under Bankruptcy Code §§ 330, 331, or 503.

1.05. **Administrative Claims Bar Date**. The first Business Day that is 30 days after the Confirmation Date.

1.06. **"Allowed"** means, in reference to a Claim or Equity Interest, (a) a Claim or Equity Interest that has been allowed by a Final Order; or (b) with respect to any Claim against, or Equity Interest in, a Debtor: (i) (A) proof of which, request for payment of which, or application for **allowance** of which, was filed or deemed filed with the Bankruptcy Court on or before the Bar Date, the Administrative Claims Bar Date, the Professional Fee Bar Date, or the Rejection Damages Bar Date, as applicable, for filing proofs of claim or equity interest or requests for payment for Claims of that type against a Debtor or other applicable date established by order of the Bankruptcy court, even if that date is after the Bar Date, the Administrative Claims Bar Date, the Professional Fee Bar Date, or the Rejection Damages Bar Date, as applicable; or (B) a Claim or Equity Interest that is allowed by a Debtor; (ii) listed as undisputed, liquidated, and non-contingent in the Schedules and as to which no objection to its allowance or motion to estimate for purposes of allowance has been interposed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court; and (iii) in each instance, a Claim or Equity Interest as to which no objection to its allowance or motion to estimate for purposes of allowance has been interposed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court or, as to which any such objection or motion has been interposed, to the extent allowed by a Final Order. The term "Allowed," when used to modify a reference in this Plan to any Claim, Equity Interest, Class of Claims, or Class of Equity Interests, means a Claim or Equity Interest (or any Claim or Equity Interest in any Class) that is so Allowed.

1.07. **"Avoidance Action"** means causes of action arising under chapter 5 of the Bankruptcy Code, or under related state or federal statutes and common law, including, without limitation, fraudulent **transfer** and fraudulent conveyance laws, whether or not litigation has commenced to prosecute such causes of actions.

1.08. **"Ballot"** means the form or forms distributed to each holder of an impaired Claim entitled to vote on the Plan on which the holder indicates acceptance or rejection of the Plan.

1.09. **"Bankruptcy Code"** means title 11 of the United States Code, as amended from time to time and **applicable** to the Chapter 11 Case.

1.10. **"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Western District of Texas, Austin Division, or such other court as may have jurisdiction over the Chapter 11 Case.

1.11. **"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure, as amended and prescribed under 28 U.S.C. § 2075, applicable to the captioned Chapter 11 Case.

1.12. **"Bar Date"** means the date or dates fixed by the Bankruptcy Court or by this Plan by which Persons asserting a Claim against, or Equity Interest in, a Debtor (except Administrative Claims, Professional Fee Claims, and Rejection Damages Claims) are required to

file a proof of claim or equity interest or a request for payment or be forever barred from asserting a Claim against or Equity Interest in a Debtor or its property, from voting on this Plan, and from sharing in distributions under this Plan.

**1.13.** **"Business Day"** means any day other than a Saturday, Sunday, or legal holiday (as defined in Bankruptcy Rule 9006).

**1.14.** **"Cash"** means currency, checks drawn on a bank insured by the Federal Deposit Insurance Corporation, certified checks, money orders, negotiable instruments, and wire transfers of immediately available funds.

**1.15.** **"Chapter 11 Case"** or **"Case"** means the case under Chapter 11 of the Bankruptcy Code in which the Debtor is the Debtor and Debtor-in-possession, pending before the Bankruptcy Court.

**1.16.** **"Claim"** has the meaning assigned to such term by Section 101(5) of the Bankruptcy Code.

**1.17.** **"Class"** or **"Classification"** means the particular class designated in the Plan, pursuant to Section 1122 and Section 1129 of the Bankruptcy Code, into which the Claims of all Creditors have been segregated for purposes of voting and distributions.

**1.18.** **"Confirmation Date"** means the date the Bankruptcy Court enters the Confirmation Order.

**1.19.** **"Confirmation Hearing"** means the hearing held by the Bankruptcy Court to consider confirmation of the Plan under Bankruptcy Code § 1129.

**1.20.** **"Confirmation Order"** means the order of the Bankruptcy Court confirming this Plan in accordance with the Bankruptcy Code. The Confirmation Order need not necessarily be a Final Order.

**1.21.** **"Consummation of Plan"** means the accomplishment of substantially all things contained or provided for in the Plan.

**1.22.** **"Contingent Claim"** means any Claim for which a proof of claim has been filed with the Bankruptcy Court that: (a) was not filed in a fixed amount, or has not accrued and depends on a future event that has not occurred and may never occur; and (b) has not been Allowed on or before the Confirmation Date.

**1.23.** **"Creditor"** has the meaning assigned to such term by Section 101(1) of the Bankruptcy Code.

**1.24.** **"Debtor"** means SCC Kyle Partners, Ltd.

**1.25.** **"Disallowed"** means a Claim or any portion of a Claim that has been disallowed, overruled, withdrawn or expunged by Final Order. The term "Disallowed," when used to modify a reference in this Plan to any Claim, Equity Interest, Class of Claims, or Class of Equity

Interests, means a Claim or Equity Interest (or any Claim or Equity Interest in any Class) that is so Disallowed.

**1.26.** **"Disputed"** means (i) a Claim, Interest or Administrative Expense Claim that is subject to a pending objection; or (ii) until the deadline in the Plan for filing objections to claims:

(a)  a claim for which a corresponding Claim has not been listed in the Debtor' Schedules or for which the corresponding Claim is listed in the Debtor' Schedules with a differing amount, with a differing classification, or as a disputed, contingent, or unliquidated Claim;

(b)  a Claim which a Debtor in good faith believes is held by a holder either (i) from which property is recoverable by the applicable Debtor under any of Sections 542, 543, 550 or 553 of the Bankruptcy Code or (ii) that is a transferee of a transfer avoidable under Sections 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of the Bankruptcy Code unless the holder has paid the amount, or turned over any such property for which such holder is liable under the terms of Sections 522(i), 542, 543, 550, or 553 of the Bankruptcy Code; and

(c)  in any event, a Claim which has been paid during the pendency of this Chapter 11 Case pursuant to an order of the Court allowing the payment of such pre-petition claim.

**1.27.** **"Effective Date"** means the first Business Day that is ten (10) days after the Confirmation Date on which (a) no stay of the Confirmation Order is in effect; and (b) all conditions to effectiveness set forth in Section 8.02 of this Plan have been satisfied or waived in accordance with the terms of this Plan.

**1.28.** **"Entity"** shall have the meaning assigned to such term by section 101(15) of the Bankruptcy Code.

**1.29.** **"Equity Interest"** means any equity interest in the Debtor represented by (i) any class or series of common or preferred stock, (ii) any member interest; or (iii) any general or limited partnership interest issued before the Effective Date, and any warrants, options, or rights to purchase any common or preferred stock.

**1.30.** **"Estate"** means the estate for the Debtor created in the Chapter 11 Case under Bankruptcy Code § 541.

**1.31.** **"Exculpated Party"** or **"Exculpated Parties"** means the Debtor, the Reorganized Debtor, the holders of Equity Interests and their agents, officers, directors, managers, employees, representatives, advisors, attorneys, affiliates, shareholders, or members, or any of their successors or assigns.

**1.32.** **"Executory Contract"** means any contract or agreement between the Debtor and any Person or entity pursuant to which a duty of performance remains on one or both sides.

**1.33.** **"Fee Applications"** means the applications of Professional Persons for allowance of compensation and reimbursement of expenses in the Chapter 11 Case.

**1.34.** **"Final Order"** means an order of a court: (a) to which the time to appeal, petition for writ of certiorari, or otherwise seek appellate review or to move for reargument, rehearing or reconsideration has expired and as to which no appeal, petition for writ of certiorari, or other appellate review, or proceedings for reargument, rehearing, or reconsideration shall then be pending; or (b) as to which any right to appeal, petition for certiorari, or move for reargument, rehearing, or reconsideration shall have been waived in writing by the party with such right; or (c) in the event that an appeal, writ of certiorari, or other appellate review or reargument, rehearing, or reconsideration thereof has been sought, which shall have been affirmed by the highest court to which such order was appealed, from which writ of certiorari or other appellate review or reargument, rehearing, or reconsideration was sought, and as to which the time to take any further appeal, to petition for writ of certiorari, to otherwise seek appellate review, and to move for reargument, rehearing, or reconsideration shall have expired; provided, however, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure or under section 1144 of the Bankruptcy Code, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order shall not cause such order not to be a Final Order.

**1.35.** **"Insider"** has the meaning assigned to such term by Section 101(31) of the Bankruptcy Code.

**1.36.** **"Insider Claims"** means any Claims held by Insiders of the Debtor.

**1.37.** **"Lender"** means Whitney National Bank, Amegy Bank, American Bank, Capitol One and Trustmark National Bank, with Whitney National Bank acting as Agent for such banks.

**1.38.** **"Lender Secured Claim"** means all claims, liens, security interests and rights of the lender against the Debtor, the Estate, and its property, as set forth in the Lender loan documents.

**1.39.** **"Lien"** has the meaning assigned to search term by Bankruptcy Code § 101(37), except for a lien that has been avoided in accordance with Bankruptcy Code §§ 544, 545, 546, 547, 548, or 549.

**1.40.** **"Litigation Claims"** means any of the Debtor' causes of action, including, without limitation, collections actions, Claims objections, defenses setoffs and counterclaims to any Claims, and any other Avoidance Actions.

**1.41.** **"Paid in Full"** or **"Payment in Full"** means, with respect to the Plan, paid in Cash the Allowed Amount of the Claim.

**1.42.** **"Person"** means any individual, corporation, partnership, limited liability company, limited liability partnership, joint venture, association, joint-stock company, trust, unincorporated association or organization, governmental agency or associated political subdivision.

**1.43.** "**Petition Date**" means August 31, 2012, the date when the Chapter 11 Case was instituted by the Debtor filing their voluntary Petition pursuant to chapter 11 of the Bankruptcy Code.

**1.44.** "**Plan**" means this Plan, either in its present form or as it may be amended, supplemented, or modified from time to time in accordance with the terms of this Plan, including, except where the context otherwise requires, all its annexed exhibits.

**1.45.** "**Priority Claim**" means any Claim (or portion of a Claim) entitled to priority under Bankruptcy Code § 507(a) other than Administrative Claims or a Priority Tax Claim.

**1.46.** "**Priority Tax Claim**" means any Claim of a governmental unit entitled to priority under Bankruptcy Code § 507(a)(8).

**1.47.** "**Priority Secured Tax Claim**" means a Secured Claim of a governmental entity whose claim would be a Priority Tax Claim under Sections 502(i) or 507(a) of the Bankruptcy Code if it was not a Secured Claim.

**1.48.** "**Professional**" means a Person: (a) employed in the Chapter 11 Case in accordance with an order of the Bankruptcy Court under Bankruptcy Code §§ 327, 328, 363, or 1103 and to be compensated for services under Bankruptcy Code §§ 327, 328, 329, 330, and 331 or order of the Bankruptcy Court; or (b) for whom compensation and reimbursement has been Allowed by a Final Order under Bankruptcy Code § 503(b).

**1.49.** "**Professional Fee Bar Date**" means the first Business Day that is 30 days after the Confirmation Date.

**1.50.** "**Professional Fee Claim**" means an Administrative Claim for compensation and reimbursement of expenses of a Professional rendered or incurred before the Effective Date submitted in accordance with Bankruptcy Code §§ 328, 330, 331, or 503(b).

**1.51.** "**Property of the Estate**" means all property in which the Debtor hold a legal or equitable interest, including all property described in Section 541 of the Bankruptcy Code.

**1.52.** "**Pro Rata**" means a proportionate share, such that the ratio of the consideration distributed on account of an Allowed Claim or Equity Interest in a Class to the amount of such Allowed Claim or Equity Interest is the same as the ratio of the amount of the consideration distributed on account of all Allowed Claims or Equity Interests in that Class to the amount of all Allowed Claims or Equity Interests in that Class.

**1.53.** "**Rejection Claim**" means a Claim arising under Section 502(g) of the Bankruptcy Code as a consequence of the rejection of any Executory Contract.

**1.54.** "**Reorganized Debtor**" means the Debtor on and after the Effective Date.

**1.55.** "**Schedules**" means the schedules of assets and liabilities, the list of holders of interests, and the statements of financial affairs filed by a Debtor under Bankruptcy Code § 521

and Bankruptcy Rule 1007, as the schedules, list, and statements may have been or may be supplemented or amended from time to time.

**1.56.** **"Secured"** means any Claim (a) listed in the Schedules as a liquidated, non-contingent, and undisputed secured Claim; or (b) reflected in a proof of claim as a Secured Claim, secured by a Lien on Collateral to the extent of the value of the Collateral, as determined in accordance with Bankruptcy Code § 506(a), or, if the Claim is subject to setoff under Bankruptcy Code § 553, net of the setoff. The term "Secured," when used to modify a reference in this Plan to any Claim or Class of Claims means a Claim (or any Claim in any Class) that is so Secured.

**1.57.** **"Unsecured"** means any Claim against the Debtor' Estates for which the holder has no security for the repayment thereof and for which the holder is not entitled to any priority under the Bankruptcy Code. The term "Unsecured," when used to modify a reference in this Plan to any Claim or Class of Claims, means a Claim (or any Claim in any Class) that is so Unsecured.

## ARTICLE II
## LEGAL BACKGROUND AND GENERAL CONCEPT

**2.01.** **Legal Background**. On August 31, 2012, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Plan is proposed by the Debtor in the belief that the Creditors will receive more through the payments contemplated hereby than would be received if the assets of the Debtor was liquidated by a Chapter 7 trustee pursuant to Chapter 7 of the Bankruptcy Code.

**2.02.** **General Concept of the Plan**. The Plan provides for the implementation of a restructuring the Debtor and the Lender providing for, among other things, the assets of the Debtor to remain in the Reorganized Debtor and the Reorganized Debtor to make Distributions upon Allowance of Claims by agreement or by resolution through the Bankruptcy Court in a Final Order.

**2.03.** **Operation Pending Effective Date**. Until the Effective Date, the Reorganized Debtor will continue to operate its business subject to all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the provisions of this Plan.

## ARTICLE III
## TREATMENT OF UNCLASSIFIED CLAIMS

**3.01.** **Unclassified Claims**. As provided in Bankruptcy Code § 1123(a)(1), Administrative Expense Claims and Priority Tax Claims are not classified for purposes of voting on, or receiving distributions under, the Plan. Holders of Administrative Expense Claims and Priority Tax Claims are not entitled to vote on this Plan but, rather, are treated separately in accordance with Article 3.02 of this Plan and under Bankruptcy Code § 1129(a)(9)(A).

**3.02.** **Administrative Claims**. Each holder of an Allowed Administrative Claim (except any holder that agrees to a lesser or otherwise different treatment) shall be paid in full, in Cash, in full satisfaction of such Claim, on the later of the Effective Date or the date on which

such Administrative Claims becomes an Allowed Claim, *provided, however*, that (a) Allowed Administrative Claims representing (1) post-petition liabilities incurred in the ordinary course of business by the Debtor or (2) post-petition contractual liabilities arising under loans or advances to the Debtor, whether or not incurred in the ordinary course of business, shall be paid in accordance with the terms and conditions of the particular transactions relating to such liabilities and any agreements relating thereto and (b). Professional Fee Claims shall be paid from Distributable Cash on the later of (i) thirty (30) days after the Effective Date, or (ii) thirty (30) days following the date of a Final Order determining and Allowing such Claim as a Professional Fee Claim. In the event the Distributable Cash as of the distribution date is insufficient to pay all Allowed Professional Fee Claims in full, Allowed Professional Fee Claims shall be paid from Distributable Cash on a Pro Rata basis in installments commencing thirty (30) days after the Effective Date and continuing on each ninety (90) day anniversary of the Effective Date until all Allowed Professional Fee Claims are paid in full.

     3.03. **Statutory Fees**. On or before the Effective Date, Administrative Expense Claims for fees payable pursuant to 28 U.S.C. Section 1930, as determined by the Bankruptcy Court at the Confirmation Hearing, will be paid in Cash equal to the Allowed amount of such Administrative Expense Claims. All fees payable pursuant to 28 U.S.C. Section 1930 subsequent to the Confirmation Date will be paid by the Reorganized Debtor in accordance therewith until the entry of a Final Decree.

     3.04. **Priority Tax Claims**. Each holder of an Allowed Priority Tax Claim (except any holder that agrees to lesser or otherwise different treatment), at the election of the Debtor, shall (1) be Paid in Full, in Cash, in full satisfaction, settlement, release, extinguishment, and discharge of such Claim, on the later of (a) the Effective Date, (b) the date on which the Secured Tax Claim is scheduled to be paid in the ordinary course of business under applicable law or regulation or (2) receive treatment in any other manner such that its Allowed Priority Tax Claim shall not be impaired pursuant to section 1124 of the Bankruptcy Code, including, but not limited to, payment in accordance with the provisions of section 1129(a)(9)(C) of the Bankruptcy Code.

     3.05. **Bar Dates for Administrative Claims**.

     (a)     **General Bar Date Provisions**. The holder of an (i) Administrative Expense Claim, (ii) Professional Fee Claim; (iii) Priority Secured Tax Claims; and (vi) statutory fee Claims must file with the Bankruptcy Court and serve on the Debtor and their counsel no later than thirty (30) days after the Confirmation Date, a request for payment of the Claim. Such request for payment must conform to the requirements provided for in the Bankruptcy Code and Bankruptcy Rules and at a minimum identify the name of the claimant, the nature of and basis for the Claim, and the amount of the Claim. Holders of Administrative Expense Claims required to file a request for payment hereunder who fail to Timely File and serve a request for payment will be forever barred from asserting such Administrative Expense Claims against the Debtor, the Reorganized Debtor and their respective property, and such Administrative Expense Claims shall be deemed discharged as of the Effective Date. An Administrative Expense Claim will be Allowed if no objection is filed within thirty days (30) after filing and service of a request for payment. If an objection is filed to the Allowance of an Administrative Expense Claim, such

Claim shall become an Allowed Administrative Expense Claim only to the extent Allowed by a Final Order.

(b)     **Post-Effective Date Professional Fee Claims.**  Any Professional's Fee Claim incurred subsequent to the Effective Date by the Reorganized Debtor, may be paid without application to the Bankruptcy Court.

## ARTICLE IV
## CLASSIFICATION AND TREATMENT OF CLAIMS
## AND EQUITY INTERESTS

**4.01.  Summary of Classification**.  In accordance with Bankruptcy Code § 1123(a)(1), all Claims and Equity Interests are placed in the Classes described below for all purposes, including voting on, confirmation of, and distributions under, this Plan.

**4.02.  Designation of Unimpaired and Impaired Classes**.  Classes 3, 4 and 5 are Impaired.  Classes 1, 2 and 6 are unimpaired.

**4.03.  Acceptance of the Plan**.  An impaired Class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in amount and more than one-half in number of the Allowed Claims or such Class that have accepted or rejected the Plan. Any impaired Class of Creditors in which no member votes to accept or reject the Plan will be deemed to have accepted the Plan.

**4.04.  Confirmation of Plan**.  In the event any impaired Class fails to accept the Plan, in accordance with § 1129(a) of the Bankruptcy Code the Debtor, as the Plan proponent, reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with § 1129(b) of the Bankruptcy Code.

**4.05.  Classification and Treatment of Claims and Equity Interests**.

4.1.1  Class I – Administrative Claims.  Each holder of an Allowed Administrative Claim shall receive from the Debtor with respect to such Allowed Claim, either (i) the amount of such Allowed Claim from the Debtor, in one (1) cash payment on the later of (a) the Effective Date, (b) the date that is sixty (60) days after a request for payment of the Claim is filed, (c) the date that is twenty (20) days after the Claim becomes an Allowed Claim; or (ii) such other treatment as may be agreed upon in writing by such holder; provided, however, that an Allowed Administrative Claim representing a liability incurred in the ordinary course of business shall be paid by the Debtor upon presentment or otherwise in accordance with the terms of the particular transaction and any agreements relating thereto.

Applications for compensation and reimbursement filed by professionals employed under §327 of the Bankruptcy Code or otherwise employed by order of the Bankruptcy Court shall be filed no later than sixty (60) days after the Effective Date.  All other requests for payment of Administrative Claims (or any other means of preserving and obtaining payment of Administrative Claims found to be effective by the Bankruptcy Court) shall be filed by the earlier of (i) thirty (30) days after the date of service of notice of the Effective Date, or (ii) any applicable bar date established by the Bankruptcy Court and noticed separately by the Debtor,

and if no timely request for payment of Administrative Claim is received, such claims shall be forever barred and shall not be assertable in any manner against the Debtor or the estate provided, no request for payment shall be required with respect to Administrative Claims that have been paid previously or with respect to Administrative Claims representing liabilities incurred in the ordinary course of business, unless a dispute exists as to any such liabilities or unless the provisions of the Bankruptcy Code require approval or allowance by the Bankruptcy Court as a precondition to payments being made on any such liability. This class is not impaired.

4.1.2 <u>Class II – Priority Tax Claims</u>. Each holder of a Class II Priority Tax Claim shall receive payment of its Allowed Claim, in full, within sixty (60) months from the Petition Date, with statutory interest, in equal monthly payments beginning sixty (60) days from the Effective Date for the number of months remaining from such start date until the date which is sixty (60) months form the Effective Date; provided, however, that as portions of the remaining Property are sold, the outstanding taxes will be paid at closing. To the extent Debtor is liable for any such amounts, the Debtor will not be discharged from liability but shall not be required to make payments unless the amount(s) are not paid by the affiliated entities, if any. Class II is unimpaired.

4.1.3 <u>Class III – Secured Claim of Lender.</u> The secured claim of the Lender group will be paid over 5 years from the Effective Date from cash proceeds on hand at the time of confirmation and ongoing sales of the remaining Property, with interest-only payments to be made quarterly beginning on the 30th day after the Effective Date at 4% per annum. Net proceeds from the sale of portions of the Property, above a rolling reserve for one year's interest, insurance, taxes and a contingency reserve will be paid to the Lender at the closing of such sales. All remaining principal, interest and costs will be due and payable on the 15th day of the 60th month from the Effective Date. This Class is impaired.

4.1.4 <u>Class IV – General Unsecured Creditors</u>. Holders of General Unsecured Claims will receive payment of their claims, in full, in equal quarterly payments beginning ninety (90) days from the Effective Date and continuing each quarter for 16 quarters until paid. The source of the payments will be the revenue received from the Incentive Agreements above amounts necessary for the Debtor's business operations. This Class is impaired.

4.1.5 <u>Class V – Subordinated Claims</u>. This class consists of any claims held by insiders or affiliates of the Debtor. Holders of Subordinated Claims will retain their claims, but shall not receive any payment until senior classes are paid in full, after which holders of Subordinated Claims will be paid pari passeu on a pro-rata basis from sales of remaining Property and any revenues from the Incentive Agreements above amounts necessary for the Debtor's business operations. This Class is impaired.

4.1.6 <u>Class VI – Equity Interests</u>. Holders of Equity Interests in the Debtor shall retain their interests, but shall not receive any payments or distributions on account of those interests until all senior classes are paid in full. This Class is impaired.

**4.06** __Payments to U.S. Trustee__. Debtor shall make the payments and file all reports required by 28 U.S.C. § 1930(a)(6) so long as the Bankruptcy Case remains open.

## ARTICLE V
## IMPLEMENTATION OF PLAN

**5.01.** __Reorganized Debtor__. From and after the Effective Date, Debtor will exist as the Reorganized Debtor. Except as otherwise provided in the Plan, the Reorganized Debtor will remain in possession and ownership of all of the assets of Debtor and shall operate them in their best business judgment without further oversight of the Bankruptcy Court.

**5.02.** __Revesting of Assets__. Except as otherwise provided in the Plan, all Property of the Estate will revest in the Reorganized Debtor, subject only to (1) the Liens provided for in the Plan; and (2) the obligations of the Reorganized Debtor as set forth in the Plan and Confirmation Order.

**5.03.** __Vesting and Enforcement of Causes of Action__. Any and all claims and causes of action, shall vest in the Reorganized Debtor on the Effective Date, and the Reorganized Debtor shall be the only Entity entitled to pursue such claims or causes of action.

**5.04.** __The Reorganized Debtor' Obligations Under the Plan__.

**5.05.** The Reorganized Debtor shall perform all of the obligations under the Plan, including obligations to pay or otherwise satisfy the Allowed Claims. All Cash necessary for the Reorganized Debtor to make payments pursuant to the Plan shall be obtained from the Debtor' existing Cash Balances, and the operations of the Debtor or Reorganized Debtor.

(a) From and after the Effective Date, the Reorganized Debtor shall, among other things:

(1) administer the Plan and take all steps and execute all instruments and documents necessary to effectuate the Plan;

(2) resolve Disputed Claims, and administer the Claims allowance and disallowance processes as set forth in the Plan, including, without limitation, objecting, prosecuting, litigating, reconciling, settling and resolving Claims and Disputed Claims in accordance with the Plan;

(3) make decisions regarding the retention, engagement, payment and replacement of professionals, employees and consultants;

(4) administer the Distributions under the Plan, including (i) making Distributions in accordance with the terms of the Plan and (ii) establishing and maintaining the various Reserves;

(5) exercise such other powers as necessary or prudent to carry out the provisions of the Plan;

11

      (6)     invest any Cash pending Distribution;

      (7)     file appropriate tax returns; and

      (8)     take such other actions as may be necessary or appropriate to effectuate this Plan.

    (b)    Following the Effective Date the Debtor may pay their post Effective Date operating expenses in the ordinary course of its business without further notice or orders of this Court.

**5.06. Exemption from Transfer Taxes**. Pursuant to Section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under the Plan or the making or delivery of any deed or other instrument or transfer under, in furtherance of, or in connection with the Plan, including without express or implied limitation, any transfers to or by the Reorganized Debtor shall not be subject to any transfer, sales, stamp or other similar tax and the Confirmation Order will direct the appropriate state or local governmental officials or agents to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the forgoing instruments or other documents without the payment of any such tax or governmental assessment.

## ARTICLE VI
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.01. Assumption or Rejection of Executory Contracts and Unexpired Leases**. On the Effective Date, except as otherwise provided in the Plan, any unexpired lease or executory contract that has not been previously assumed or rejected by the Debtor pursuant to an order of the Bankruptcy Court shall be deemed rejected by the Debtor under Sections 365(a) and 1123 of the Bankruptcy Code. Set forth on **Exhibit A** are the Executory Contracts the Debtor intend to assume. Entry of the Confirmation Order shall constitute approval of such assumptions or rejections, as the case may be (as such lists may be amended, supplemented or modified on or before the Confirmation Date), pursuant to Sections 365(a) and 1123 of the Bankruptcy Code. Any motions to assume executory contracts and unexpired leases pending on the Effective Date shall be subject to approval by the Bankruptcy Court on or after the Effective Date by a Final Order.

**6.02. Objections to Assumption of Executory Contracts and Unexpired Leases**. To the extent that any party to an executory contract or unexpired lease identified for assumption, or any other party in interest, (a) asserts arrearages or damages pursuant to § 365(b)(1) of the Bankruptcy Code in an amount different from the amount, if any, set forth in the Petition and Schedules, (b) has any objection to the proposed adequate assurance of future performance, if required, or (c) has any other objection to the proposed assumption, cure, or assignment of a particular executory contract or unexpired lease on the terms and conditions provided for herein, all such asserted arrearages and any other objections shall be filed and served within the same deadline and in the same manner established for filing objections to Confirmation.

Failure to assert any arrearages different from the amount set forth in the Schedules (or the exhibits thereto), or to file an objection within the time period set forth above, shall constitute

consent to the assumption, cure, and assignment on the terms provided for herein, including acknowledgment that (a) the Debtor (or their assignee) have provided adequate assurance of future performance, if required, (b) the amount identified for "cure," if any, is the amount necessary to compensate for any and all outstanding defaults or actual pecuniary loss under the executory contract or unexpired lease to be assumed, and (c) no other defaults exist under such executory contract or unexpired lease.

If an objection to assumption and assignment is filed based upon lack of adequate assurance of future performance or otherwise, and the Court determines that the Debtor cannot assume the executory contract or unexpired lease either as proposed or as may be proposed pursuant to a modified proposal submitted by the Debtor, then the unexpired lease or executory contract shall automatically thereupon be deemed to have been rejected.

**6.03.** **Payments Related to Assumption of Executory Contracts and Unexpired Leases**. Any monetary defaults, including claims for actual pecuniary loss, under each executory contract and unexpired lease to be assumed under the Plan shall be satisfied, pursuant to Section 365(b)(1) of the Bankruptcy Code, by payment of the cure amount, if any, as otherwise agreed by the parties, or as ordered by the Bankruptcy Court in Cash within 90 days following the Effective Date, or on such other terms as may be agreed to by the parties to such executory contract or unexpired lease. In the event of a dispute regarding (a) the amount of any cure or pecuniary loss payment, (b) the ability of Reorganized Debtor to provide adequate assurance of future performance under the contract or lease to be assumed, if required, or (c) any other matter pertaining to assumption, the cure or pecuniary loss payments required by § 365(b)(1) of the Bankruptcy Code shall be made within a reasonable time following entry of a Final Order resolving the dispute and approving assumption.

**6.04.** **Bar Date for Rejection Damages**. If the rejection of an executory contract or unexpired lease pursuant to this Article gives rise to a Claim by the other party or parties to such contract or lease, such Claim, to the extent that it is timely filed and is an Allowed Claim, shall be classified in Class 4; provided, however, that the Unsecured Claim arising from rejection shall be forever barred and shall not be enforceable against the Debtor, Reorganized Debtor, their successors or properties, unless a proof of Claim is Filed and served on the Reorganized Debtor within 30 days after the date of the notice of the entry of an order of the Bankruptcy Court authorizing rejection of the executory contract or unexpired lease, which order may be the Confirmation Order.

# ARTICLE VII
# DETERMINATION OF CLAIMS

**7.01.** **Objections to Claims**. Notwithstanding the occurrence of the Effective Date, and except as to any Claim that has been Allowed under the Plan before the Effective Date, the Reorganized Debtor may object to the Allowance of any Claim against the Debtor or seek estimation of any Claim on any grounds permitted by the Bankruptcy Code. All objections to Claims must be brought by filing the appropriate pleading in the Bankruptcy Court before the first Business Day that is 60 days after the Effective Date, but the Bankruptcy Court may approve a later date on the Reorganized Debtor' motion filed (but not necessarily heard) before the first Business Day that is 60 days after the Effective Date.

**7.02.    Contingent Claims**.  Until a Contingent Claim becomes an Allowed Claim or is Disallowed, the Claim will be treated as a Disputed Claim for all purposes under this Plan. The holder of a Contingent Claim will be entitled to a distribution under this Plan only when the Contingent Claim becomes an Allowed Claim. Any Contingent Claim for reimbursement or contribution held by a Person that may be liable with the Debtor on a Claim of a Creditor is Disallowed as of the Effective Date if: (a) that Creditor's Claim is Disallowed; (b) the Claim for reimbursement or contribution is contingent as of the Effective Date; or (c) that Person asserts a right of subrogation to the rights of the Creditor under Bankruptcy Code § 509.

**7.03.    Undeliverable/Returned Distributions**.    Any distribution to be made to a Creditor will be sent to that Creditor at (i) the address set forth on the proof of claim filed for such Creditor, or (ii) if no proof of claim is filed, at the address set forth on the Debtor' schedules. In the event that a distribution as herein provided is returned as undeliverable, or a distribution is returned on account of there being no payment due to the affected Creditor, the Reorganized Debtor shall hold such distribution for the affected Creditor for a period of 60 days following the Date of that distribution for the benefit of the Creditor. If the affected Creditor does not make a demand, in writing, for such unclaimed distribution within the 60-day period, the Creditor shall forfeit all entitlement to the distribution, and the distribution shall revert to the Reorganized Debtor.

**7.04.    Distributions on Allowance or Disallowance of Disputed Claims**.    No distributions will be made to any holder of a Claim unless and until the Claim becomes an Allowed Claim. If a Claim is not an Allowed Claim as of the Effective Date, distributions on account of that Claim will commence only when the Claim becomes an Allowed Claim after the Effective Date or as otherwise specifically provided in this Plan. If a Disputed Claim becomes an Allowed Claim, the Reorganized Debtor will make a distribution in accordance with the terms of this Plan applicable to Claims of the Class in which that Claim resides.

**7.05.    Reserve Pending Distributions**..  With respect to any Disputed Claims in Class 3 (General Unsecured Claims), on a monthly basis and at the same time as the Debtor make installment payments to the holders of Allowed Claims in such class hereunder, the Debtor shall set aside the Disputed Claims Reserve equal to the amount the holder of the Disputed Claim would have received had such Disputed Claim been an Allowed Claim as of the Effective Date. Such Disputed Claims Reserve shall be released to the holder of a Disputed Claim within ten (10) days after it becomes an Allowed Claim so that such holder will receive all accrued but unmade payments as of such date so that such holder will have received equal treatment to holders of Allowed Claims.  For purposes of the Disputed Claims Reserve, the Debtor shall reserve based upon the amount reflected in the books and records of the Debtor.

**7.06.    De Minimis Distributions**.  Any other provision of the Plan notwithstanding, the Reorganized Debtor shall not be required to make distributions to holders of Allowed Claims in an amount less than $50.00 (unless such Allowed Claim is less than $50.00).  Cash allocated to an Allowed Claim but withheld from distribution pursuant to this subsection shall be held by the Reorganized Debtor for the account of and future distribution to the holder of such Allowed Claim.

7.07.  **Additional Charges.**  Except as may be expressly provided in the Plan or allowed by Final Order of the Bankruptcy Court, no interest, penalty, attorney's fee or late charge shall be allowed or paid with respect to any Claim.

## ARTICLE VIII
## CONDITIONS PRECEDENT

8.01.  **Conditions to Confirmation**.  The following are conditions precedent to confirmation of **this** Plan:

(a)  **Approval of Disclosure Statement**.  The Bankruptcy Court enters a Final Order approving the Disclosure Statement.

(b)  **Form of Confirmation Order**.  The Bankruptcy Court enters the Confirmation Order in form and substance reasonably acceptable to the Debtor and creditors. If the Debtor is unable to reach an agreement with any party regarding the form and substance of the Confirmation Order, the Bankruptcy Court will resolve all such disputes.

(c)  **Substance of Confirmation Order**.  The Confirmation Order contains the following:

(1)  The provisions of the Confirmation Order are nonseverable and mutually dependent;

(2)  Approval of the assumption, rejection, or assumption and assignment of all executory contracts and unexpired leases under this Plan;

(3)  All executory contracts or unexpired leases assumed and assigned by a Debtor during the Chapter 11 Case or under this Plan remain in full force and effect for the benefit of the Reorganized Debtor or any assignees of such contracts or leases, as the case may be, notwithstanding any provision in any such contract or lease (including those described in Bankruptcy Code § 365(b)(2) and (f)) that prohibits or conditions such assignment or transfer or that enables, permits, or requires termination of such contract or lease;

(4)  The Reorganized Debtor is released and discharged from all obligations arising under all executory contracts and unexpired leases rejected by the Debtor during the Chapter 11 Case or under this Plan;

(5)  Except as otherwise provided in the Plan, the Reorganized Debtor are discharged in accordance with Article 10.03 of this Plan;  and

(6)  Retention of jurisdiction of the Bankruptcy Court to the fullest extent permissible by applicable law, and at least to the extent contemplated by Article IX of this Plan.

**8.02.  Conditions to Effectiveness.**  The following are conditions precedent to the occurrence of the Effective Date:

(a)     The Confirmation Date occurs;

(b)     All documents necessary to effectuate the Plan shall have been executed and delivered, and all conditions precedent thereto shall have been satisfied (other than the occurrence of the Effective Date).

(c)     All authorizations, consents required, if any, in connection with the consummation of this Plan shall have been obtained.

(d)     The Confirmation Order is not stayed pursuant to an order issued by a court of competent jurisdiction.

**8.03.  Waiver of Conditions**.  The Debtor may waive any condition to confirmation or the **Effective** Date, in whole or in part, at any time without notice, an order of the Bankruptcy Court, or any further action other than proceeding to confirmation and consummation of this Plan.

**ARTICLE IX**
**JURISDICTION OF THE COURT**

**9.01.  General Retention of Jurisdiction**.  Until the Bankruptcy Case is closed, the Bankruptcy shall retain the fullest and most extensive jurisdiction permissible, including, without limitation, that necessary (a) to ensure that the purposes and intent of the Plan are carried out, (b) to enforce and interpret the terms and conditions of the Plan, and (c) to enter such orders or judgments including, without limitation, injunctions necessary to enforce the rights, title, and powers of the Debtor and/or the Reorganized Debtor.  Except as otherwise provided in the Plan, the Bankruptcy Court shall retain jurisdiction to hear and determine all Claims against and Interests in the Debtor and to adjudicate and enforce all other causes of action that may exist on behalf of the Debtor. Nothing contained herein shall prevent the Reorganized Debtor from taking such action as may be necessary in the enforcement of any cause of action that each has or may have and that may not have been enforced or prosecuted by the Debtor, which cause of action shall survive entry of the Confirmation Order and occurrence of the Effective Date and shall not be affected thereby except as specifically provided herein.

**9.02.  Specific Purposes**.  Without limiting the effect of Article 9.01 the Bankruptcy Court shall retain jurisdiction after Confirmation to:

(a)     modify the Plan after entry of the Confirmation Order, pursuant to the provisions of the Plan, the Bankruptcy Code, and the Bankruptcy Rules;

(b)     correct any defect, cure any omission, reconcile any inconsistency, or make any other necessary changes or modifications in or to the Plan, or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan;

16

(c)    hear and determine any cause of action, and to enter and implement such orders as may be necessary or appropriate, to execute, interpret, implement, consummate, or enforce the Plan and the transactions contemplated thereunder;

(d)    hear and determine disputes arising in connection with the execution, interpretation, implementation, consummation, or enforcement of the Plan, and to enforce, including by specific performance, the provisions of the Plan;

(e)    hear and determine disputes arising in connection with the execution, interpretation, implementation, consummation, or enforcement of the settlement agreements or other agreements entered into by any of the Debtor during the Case.

(f)    enter and implement orders or take such other actions as may be necessary or appropriate to restrain interference with the consummation or implementation of the Plan, including, without limitation, to issue, administer, and enforce injunctions, releases, assignments, transfers of property or property rights, or other obligations contained in the Plan and the Confirmation Order;

(g)    assure the performance by Reorganized Debtor of their obligations to make distributions under the Plan;

(h)    enter such orders or judgments, including injunctions, as necessary to enforce the title, rights, and powers of the Debtor, Reorganized Debtor, or the Plan;

(i)    hear and determine any and all adversary proceedings, applications, and contested matters, including any remands after appeal;

(j)    ensure that distributions to holders of Allowed Claims are accomplished as provided herein;

(k)    hear and determine any timely objections to or motions or applications concerning Claims or the allowance, classification, priority, compromise, setoff, estimation, or payment of any Claim, to the fullest extent permitted by the provisions of Section 157 of title 28 of the United States Code;

(l)    enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, reversed, or vacated;

(m)    hear and determine any motions, contested matters or adversary proceedings involving taxes, tax refunds, tax attributes, tax benefits, and similar or related matters with respect to the Debtor and/or Reorganized Debtor arising on or prior to the Effective Date, arising on account of transactions contemplated by the Plan, or relating to the period of administration of the Case;

(n)     hear and determine all applications for the employment or compensation of Professional Persons and reimbursement of expenses under Sections 330, 331, or 503(b) of the Bankruptcy Code or the Plan;

(o)     recover all assets of the Debtor and Property of the Estates wherever located, including actions under chapter 5 of the Bankruptcy Code;

(p)     hear and determine any and all motions pending as of the Confirmation Date for the rejection, assumption, or assignment of executory contracts or unexpired leases and the allowance of any Claim resulting therefrom;

(q)     hear and determine such other matters and for such other purposes as may be provided in the Confirmation Order;

(r)     consider and act on the compromise and settlement of any Claim against, or Interest in, the Debtor, including, without limitation, any disputes relating to any Administrative Claims, any Bar Date, or Bar Date Order;

(s)     hear and determine all questions and disputes regarding title to the assets of any of the Debtor, their respective Estates;

(t)     hear and determine any other matters related hereto, including the implementation and enforcement of all orders entered by the Bankruptcy Court in the Case;  and

(u)     enter such orders as are necessary to implement and enforce any injunctions provided for in the Plan and Confirmation Order.

## ARTICLE X
## EFFECT OF CONFIRMATION

**10.01.  General**.  On the Effective Date, the provisions of this Plan shall be binding on the Debtor, any **person** or entity acquiring property under the Plan, and any Creditor of the Debtor, whether or not such Creditor has accepted the Plan.

**10.02.  Plan Injunction**.  Except as specifically set forth in the Plan, from and after the Confirmation Date, all holders of Claims against and Interests in the Debtor are permanently restrained and enjoined (i) from commencing or continuing in any manner, any action or other proceeding of any kind with respect to any such Claim or Interests against the Debtor, the Estate, (ii) from enforcing, attaching, collecting, or recovering by any manner or means, any judgment, award, decree, or order against the Debtor or the Estate, (iii) from creating, perfecting, or enforcing any encumbrance of any kind against the Debtor or the Estate, (iv) from asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Debtor, and (v) from performing any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; provided, however, that each holder of a Disputed Claim or Disputed Interest may continue to prosecute its proof of Claim or Interest in the Bankruptcy Court and all holders of Allowed Claims and Interests shall be entitled to enforce their rights under the Plan.

**10.03. Discharge of Claims**.  Except as otherwise provided in the Plan, the rights afforded in the Plan and the payments and distributions to be made thereunder are in complete exchange for, and in full satisfaction and release of, all existing Claims, and, debts and obligations of any kind, nature or description whatsoever of or against the Debtor or any of their assets or property to the fullest extent permitted under Section 1141 of the Bankruptcy Code. Upon the Effective Date, and except as otherwise provided in the Plan, all existing Claims against the Debtor and the Reorganized Debtor shall be and shall be deemed to be discharged. Subject to the provisions of the Plan, all holders of Claims or Equity Interest shall be precluded from asserting against the Debtor, or any of their assets or property, any other or further Claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder filed a proof of Claim or proof of interest. Subject to the provisions of the Plan, upon the Effective Date, the Debtor shall be deemed discharged and released from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of Claim or Interest based upon such obligation is filed or deemed filed under Section 501 of the Bankruptcy Code; (ii) a Claim or Interest based upon such debt is Allowed under Section 502 of the Bankruptcy Code; or (iii) the holder of a Claim or Interest based upon such debt has accepted the Plan. Except as provided herein, the Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtor and the Reorganized Debtor.  In accordance with Section 524 of the Bankruptcy Code, the discharge provided for hereunder shall void any judgment against the Debtor to the extent it relates to a Claim discharged, and operates as an injunction against the prosecution of any action against the Debtor or their Property to the extent it relates to a discharged Claim.

**10.04. Exculpation**.  The Debtor solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and participated, in good faith and in compliance with the applicable provisions of the Bankruptcy Code in seeking confirmation of the Plan and is not liable, on account of such solicitation or participation, for violation of **any** applicable law, rule, or regulation governing solicitation of acceptance or rejection of the Plan consistent with the provisions of 11 U.S.C. § 1125(e), and the Debtor is entitled to the protection afforded in such section.

**10.05. Indemnification Obligations**.  Nothing in this Plan shall diminish or impair the enforceability of any obligation of the Debtor to indemnify, reimburse or limit the liability of any Person, including but not limited to any officer or director of the Debtor, or any agent, Professional or financial advisor, relating to any acts or omissions occurring subsequent to the Petition Date and such obligations shall be assumed by the Reorganized Debtor.

**10.06. Payment to the United States Trustee**.  In accordance with § 1129(a)(12) of the Bankruptcy **Code** and 28 U.S.C. § 1930, the Reorganized Debtor shall on the Confirmation Date pay all fees then due to the United States Trustee.

**10.07. Post-Petition Reports and Payments to the United States Trustee**.  On the Confirmation Date, the Debtor shall be relieved of any further obligation to file monthly operating reports with the Bankruptcy Court. The Reorganized Debtor shall make all post-confirmation **payments** to the United States Trustee as may be required pursuant to 28 U.S.C. §

1930(a)(6) from available funds, and shall provide to the United States Trustee such financial reports as the United States Trustee may reasonably request, until the Chapter 11 Case has been closed by the Bankruptcy Court.

**10.08. <u>Retention of Claims and Interests</u>**.    Post-petition, and pursuant to § 1123(b)(3)(B) of the Bankruptcy Code, any and all claims or interests belonging to the Debtor or to the Debtor' Estate shall be prosecuted and enforced by the Reorganized Debtor, This includes, but is not limited to, any and all claims or causes of action for avoidance, recovery or subordination under §§ 510, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code.

**10.09. <u>Setoffs</u>**.  The Debtor may, but shall not be required to, set off against any Claim, and the payments or other distributions to be made pursuant to the Plan in respect of such Claim, claims of any **<u>nature</u>** whatsoever that the Debtor may have against the holder of such Claim; but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor of any such claim that the Debtor may have against such holder. After the Effective Date, such right shall pass to the Reorganized Debtor.

**10.10. <u>Final Decree</u>**.   Not more than six months after the Confirmation Date, the Reorganized Debtor shall file appropriate pleadings with the Bankruptcy Court requesting that this Chapter 11 Case be closed **<u>administratively</u>**.

### ARTICLE XI
### NOTICES

**11.01. <u>General</u>**.  After the Confirmation Date, all notices required to be given under any provision of the Bankruptcy Code and/or the Bankruptcy Rules shall be sent by first class mail, postage prepaid, only to (a) the Reorganized Debtor; (b) the counsel representing the Reorganized Debtor; (c) the United States in accordance with Bankruptcy Rule 2002(j), (d) the United **<u>States</u>** Trustee; and (e) those persons specifically requesting, pursuant to written request filed with the Court after the Confirmation Date, that they be furnished with notices. Service of all notices, as provided herein, shall constitute full and complete service on all Creditors and parties-in-interest.

### ARTICLE XII
### MISCELLANEOUS

**12.01. <u>Amendment or Modification to Plan</u>**.  This Plan may be amended or modified by the Debtor prior to the hearing on confirmation without notice or hearing and without an additional Disclosure Statement pursuant to § 1127(a) of the Bankruptcy Code and, to the extent applicable, Bankruptcy Rule 3019. Post-confirmation amendments or modifications of the Plan may be allowed by the Court under § 1127(b) of the Bankruptcy Code if the proposed amendment or modification is offered before the Plan has been substantially consummated. The sole right to amend or modify the Plan at any time shall be reserved to the Debtor.  A holder of a Claim that has accepted this Plan shall be deemed to have accepted this Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder.

**12.02.  Correction of Plan**.  After the Effective Date, only the Debtor may, with the approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the interest of Creditors, remedy any defect or omission, or reconcile any inconsistencies, in the Plan, or in the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of the Plan.

**12.03.  Revocation of Plan**.  The Debtor reserve the right to revoke and withdraw this Plan prior to entry of the Confirmation Order. If the Debtor revoke or withdraws this Plan, or if confirmation of this Plan does not occur, then this Plan shall be deemed null and void, and nothing contained herein shall be deemed to constitute a waiver, an admission, or release of any **defenses** or claims against the Debtor, the bankruptcy estate, or any other person or to prejudice in any manner the rights, claims, or defenses of the Debtor in any further proceedings or litigation whatsoever, involving the Debtor, the Estate, and their respective successors or assigns, if any.

**12.04.  Binding Effect**.  The Plan shall be binding upon and inure to the benefit of the Debtor, the holders of **Claims** and Equity Interests, and their respective successors and assigns, including, without limitation, the Reorganized Debtor.

**12.05.  Notices**.  All notices, requests and demands to or upon the Reorganized Debtor to be effective shall be in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, with a copy by mail, addressed as follows:

If to the Debtor:      Eric J. Taube
                       Mark C. Taylor
                       Hohmann, Taube & Summers, L.L.P.
                       100 Congress Avenue, 18th Floor
                       Austin, TX 78701
                       Phone: (512) 472-5997
                       Fax:  (512) 472-5248

**12.06.  Final Allowance**.  Notwithstanding anything contained above, all distributions to Classes under this Plan will only be made after the creditors in said Classes have their Claims fully fixed and allowed by **the** Court.  However, objections on claims in one Class will not preclude distribution to creditors in other Classes where no disputes exist regarding Claims in the other Classes.

**12.07.  Consummation**.   Upon completion of all payments and all transactions contemplated by this Plan, the Plan **shall** be deemed fully consummated, and this case shall be closed.   Until substantial consummation occurs, the Debtor may move for and be granted modifications of this Plan.  Once full consummation is accomplished, an appropriate Order will be entered closing the Chapter 11 Case, and such Order closing the case shall be deemed a final decree and shall include, in addition to the normal injunctive language, an Order that any term or provision of any Debtor or security agreement between the Debtor and any of their creditors will be null and void to the extent that such clause provides that the filing of bankruptcy,

reorganization, or any other solvency proceeding operates as a default under such agreement, or similar language.  Creditors shall be enjoined from instituting or continuing any legal action to enforce such terms or provisions, since they will be declared null and void.  Further, all creditors shall be enjoined from instituting or continuing any legal action or Liens against the property of the estate, unless an Order is entered by this Court declaring a default in payments under the Plan.  Further, the order closing this estate shall provide that all jurisdiction of this Court will terminate, except such jurisdiction as is otherwise provided hereinabove (including any disputes that may arise between the Reorganized Debtor and the Lender), or except and unless the Reorganized Debtor requires reopening of this case to enforce any injunctions contained in the Order closing this case (or any similar beneficial orders).

     **12.08.  Disbursing Agent**.  The Debtor shall act as disbursing agent under the Plan.

     **12.09.  Further Authorization**.  The Debtor shall be entitled to seek such orders, judgments, injunctions, **and** rulings as it deems necessary to carry out the intentions and purposes, and to give full effect to the provisions, of this Plan.

     **12.10.  Means of Cash Payment**.  Payments of Cash made pursuant to this Plan shall be made, at the option and sole discretion of the Debtor, by checks drawn on, or wire transfer from, a domestic bank selected by the Debtor.

     **12.11.  Severability of Plan Provisions**.  If, prior to the Confirmation Date, any term or provision of this Plan is determined by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power, upon the request of the Debtor to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of this Plan shall remain in full force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation.  The Confirmation Order shall constitute a judicial determination that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

     **12.12.  Successors and Assigns**.  This Plan shall be binding upon and inure to the benefit of the Debtor, and their respective successors and assigns, including, without limitation, the Reorganized Debtor.  The rights, benefits, and obligations of any entity named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of such entity.

     **12.13.  Governing Law**.  Except to the extent that the Bankruptcy Code, the Bankruptcy Rules or other federal law is applicable, or to the extent that an exhibit or schedule to this Plan provides otherwise, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas without giving effect to the principles of conflicts of law of such jurisdiction.

**12.14.  Conflicts.**  In the event that provisions of the Disclosure Statement and provisions of this Plan conflict, the **terms** of this Plan shall govern.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

Dated:    November 29, 2012.

SCC KYLE PARTNERS, LTD.

By: SCC Kyle Partners GP, LLC, its general partner

By: */s/ Scott Deskins*
         Scott Deskins, President

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served upon all parties on the attached list and on all persons receiving ECF notice on November 29, 2012.

*/s/ Mark C. Taylor*
Mark C. Taylor