UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| SCC KYLE PARTNERS, LTD. | § | Case No. 12-11978-hcm-11 |
| | § | (Chapter 11) |
| Debtor. | § | |

### DEBTOR'S TRIAL BRIEF REGARDING CRAM DOWN INTEREST RATE

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

Debtor SCC Kyle Partners, Ltd., files this Trial Brief Regarding Cram Down Interest Rate, as follows:

1.       Though Whitney Bank, in its objection to confirmation, did not specify what interest rate it thought was applicable for the loan terms proposed by the Debtor in its Amended Plan of Reorganization, Whitney Bank now takes the position that a rate of 8 to 8.25% is the appropriate cram down interest rate.  Whitney Bank's bank officer, John Lee, testified at his deposition that this rate was appropriate, and, after the deposition, Whitney Bank provided a "Disclosure of Expert Witness" in which Whitney Bank takes the position that the appropriate rate is 8 to 8.25%, based upon a starting point of the national prime rate (which is currently 3.25%).

2.       Neither at his deposition, nor in the Disclosure, does Whitney Bank nor Mr. Lee provide an explanation of how the 8 to 8.25% interest rate is determined, other than listing a number of facts that should be taken into consideration (without ascribing any particular percentage to each of these purported risk factors).

3.       The 5th Circuit has recently ruled that utilizing prime rate as the starting point for analyses of the cram down interest rate is not only not required, it may not be the appropriate

00176166.000.DOCX

methodology for determining the cram down interest rate. *See Wells Fargo Bank National Association v. Texas Grand Prairie Hotel Realty, LLC (Matter of Texas Grand Prairie Hotel Realty, LLC)* _____ F.3d _____, 2013 WL 776317 (5th Cir. March 1, 2013). Though the 5th Circuit analyzed the appropriate cram down interest rate in that case based upon the *Till* "prime rate" analysis, the Court noted that it did so only because the parties had agreed that was the appropriate methodology for determining the cram down interest rate in that case. *Id.* at *1, 5, 9. In doing so, the Court reaffirmed its prior holding in *In re T-H Orleans Limited Partnership*, 116 F.3d 790 (5th Cir. 1997), in which the 5th Circuit held that it "[declined] to establish a particular formula for determining an appropriate cram down interest rate" under Chapter 11. The 5th Circuit noted that the *Till* approach of starting with prime rate, which was a plurality holding, is not binding on the determination of an appropriate cram down interest rate in a Chapter 11 context, further holding that

> Today we reaffirm our decision in *T-New Orleans*. We will not tie bankruptcy courts to a specific methodology as they assess the appropriate Chapter 11 cram down rate of interest; rather we need to review a bankruptcy court's entire cram down – rate analysis only for clear error.

*Id.* at *5.

4.      Other courts, recognizing the realities of how loans are priced in the current interest rate market, have instead adopted an approach of building up from a Treasury Bill rate. *See, e.g., In re Tenax Management, LP*, Case No. 10-40058 (Bankr. S.D. Tex. January 18, 2012) (copy attached); *In re Village at Camp Bowie I, LP*, 454 B.R. 702 (Bankr. N.D. Tex. 2011). For example, in *Tenax*, Judge Jones, though utilizing the *Till* methodology, found that the appropriate starting point was a 5 year treasury bond, because the Plan contemplated payments over 5 years. The Treasury Bond was utilized as the "risk free" rate on which the risk factors were added. *See Tenax* at ¶17-18. The Court in the *Camp Bowie* case adopted a similar

2

methodology, utilizing a 5 year Treasury Bond rate for a proposed 5 year payout under the Plan of Reorganization. *Camp Bowie*, 454 B.R. at 712-13. The Court noted that "*Till's* direction to use a formula approach to fixing an interest rate does not require, from case to case, use of the prime rate." Other courts have similarly noted that utilizing a prime rate as a starting point was too high in the current interest market place. *FNMA v. Village Green I, GP*, 483 B.R. 807, 820 (W.D. Tenn. 2012).

5.     Accordingly, even if the Court accepts the Bank's methodology for calculating the appropriate cram down interest rate, the starting point should be the 5 year Treasury Bill rate, not the national prime rate.

Respectfully submitted,

HOHMANN, TAUBE & SUMMERS, L.L.P.

By: */s/ Mark C. Taylor*
   Eric J. Taube
   State Bar No. 19679350
   Mark C. Taylor
   State Bar No. 19713225
   100 Congress Avenue, 18th Floor
   Austin, Texas 78701
   (512) 472-5997
   (512) 472-5248 (FAX)

ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served electronically upon all parties receiving the Court's electronic notices and by first class mail on all parties on the attached list on April 3, 2013.

*/s/ Mark C. Taylor*
Mark C. Taylor

00176166.000.DOCX