UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| SCC KYLE PARTNERS, LTD. | § | Case No. 12-11978-hcm-11 |
| | § | (Chapter 11) |
| Debtor. | § | |

### REORGANIZED DEBTOR'S RESPONSE TO WHITNEY BANK'S MOTION FOR STAY PENDING APPEAL

TO THE HONORABLE H. CHRISPTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW SCC Kyle Partners, LTD ("Reorganized Debtor") and files this its Response to Whitney Bank's Motion for Stay Pending Appeal, as follows:

1. On June 14, 2013, this Court entered its Consolidated Opinion (the "Opinion") concerning the confirmation of the Reorganized Debtor's plan of reorganization and various related motions, ruling in favor of confirming the plan on the terms contained therein. On July 1, 2013, this Court entered its Order Confirming Debtor's Second Amended Plan of Reorganization (the "Confirmation Order"). Whitney Bank has appealed from the Confirmation Order, and now seeks a stay pending appeal. For the reasons set forth below, the Motion should be denied.

**Standards for Stay**

2. In determining whether this Court's Order should be stayed pending appeal, it applies a familiar four-pronged test to determine whether the appellant has established that (1) the appellant is likely to succeed on the merits, (2) the appellant will suffer irreparable injury if the stay is denied, (3) the other parties will not suffer substantial harm if a stay is granted, ***and*** (4) the issuance of a stay will serve (or will not harm) the public interest. *See Arnold v. Garlock,* 278

F.3d 426, 438 (5th Cir. 2001); *In re First South Savings Ass'n*, 820 F.2d 700, 708 (5th Cir. 1987). The burden is on the movant to establish each element. *Arnold*, 278 F.3d at 438. The decision as to whether to grant a stay rests in the discretion of the Court. *Coolwater LLC v. Camp Arrowhead (In re Capm Arrowhead)*, 2010 WL 363773 *4 (W.D. Tex. Jan. 22, 2010)(denying motion for stay). As set forth below, none of these factors justifies the imposition of a stay pending appeal.

**Whitney Bank Cannot Demonstrate a Likelihood of Success**

3. With respect to the first element, Whitney Bank cannot demonstrate a likelihood of success on the merits. Whitney Bank first argues that Seton "does not hold a voting interest in the bankruptcy case," and, therefore, there is no impaired accepting class. These issues are addressed at length in the Joint Response filed by the Reorganized Debtor and Seton to Whitney Bank's Objection to Seton's Claim, and the Reorganized Debtor refers the Court to that Response. In short, not only is there an enforceable obligation, even if this Court ultimately determines that Seton does not have a valid claim, it would not change the voting. Seton had an allowed claim at the time it cast its vote and at the confirmation hearing. Whitney Bank did not file an objection until after confirmation and, accordingly, Whitney Bank's contention is without merit.

4. Whitney Bank next argues that the Plan is not fair and equitable because it impairs Whitney Bank's liens, purportedly shifts the risk of failure to Whitney Bank, and purportedly improperly modifies the Bankruptcy Court's Order approving the sale to Avail Healthcare Ventures, LLC. With respect to the first two arguments, these are clearly factual findings by the Court, for which this Court has great discretion. *Mabey v. Southwestern Elec. Power Co. (In re Cajun Elec. Power Co-op., Inc.),* 150 F.3d 503, 513 (5th Cir. 1998) (Circuit court applies deferential standard to bankruptcy court's fact findings, and will find clear error only if the court is

"left with the definite and firm conviction that a mistake has been made."). The mere fact that Whitney Bank disagrees with this Court's factual findings and conclusions is not sufficient to raise a significant legal question for purposes of granting a stay pending appeal. *See Plains Farm Supply, Inc. v. Tex. Equip. Co. (In re Tex. Equip. Co.)*, 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002). A court's factual findings will only be reversed if they are "clearly erroneous," which occurs only in the limited circumstance where the finding the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *First South*, 820 F.2d at 711.

5. Moreover, at this Court determined in the Opinion, not only is Whitney Bank retaining its lien, it is protected by a substantial equity cushion. With respect to the Court's Order approving the sale to Avail, the Order did not specify how the funds were to be applied or utilized. Accordingly, the Reorganized Debtor was entitled to propose, and this Court was entitled to confirm, the Debtor's Plan that required Whitney Bank to apply certain amounts from that sale as prepaid interest.[1]

6. Whitney Bank's next argument is that the Debtor's Plan was not feasible. Again, this was a factual finding by the Court, supported by an extensive factual analysis contained in the Court's opinion confirming the Reorganized Debtor's Plan of Reorganization. A debtor need only prove the plan's feasibility by a preponderance of the evidence. *Financial Security Assurance, Inc. v. T-H New Orleans Ltd. P'ship (Matter of T-H New Orleans Ltd. P'ship)*, 116 F.3d 790, 801 (5th Cir. 1997). This does not require a "guarantee of success...only a reasonable assurance of commercial viability is required." *Id.* In other words, a debtor need only show there is a "reasonable probability that the plan provisions can be performed." *In re Idearc, Inc.*,

---

[1] This Court had continuing jurisdiction to interpret its own Order. *See, e.g.*, *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 129 S.Ct. 129 (2009); *Nat'l Benevolent Ass'n. of the Christian Church v. Weil, Gotshal & Manges, LLP (In re Nat'l Benevolent Ass'n. of the Christian Church)*, 333 Fed. Appx. 822, 826 (5th Cir. 2009).

423 B.R. 138, 167 (Bankr. N.D. Tex. 2009). Not only did the appraisers for both sides indicate that a complete sale out of the property would incur within 48 months (and the Reorganized Debtor's projections assumed even a longer 60-month period), the Bank's own representative testified that he had no basis to dispute that the property could be sold out within 48 months. Under the analysis prepared both by the Bank and the Reorganized Debtor, the Bank will be paid in full even prior to that time.

7. Finally, Whitney Bank argues that the Reorganized Debtor lacked good faith in proposing the Plan "by the actions it took with respect to the 5 year old unfilled charitable pledge to Seton." Not only is this a new argument made by the Bank and, therefore, waived by the Bank for failing to object on this basis to the Reorganized Debtor's Plan, as set forth above Seton has an enforceable claim. Section 1129 (a)(3) provides that the plan must "be proposed in good faith and not by any means forbidden by law." While there is no statutory definition, the Fifth Circuit has stated that the good faith standard is met when the Plan is proposed with the legitimate and honest purpose of reorganization and has a reasonable hope of success. *Heartland Federal Savings & Loan Assoc. v. Briscoe Enterprises, Ltd. (Matter of Briscoe Enterprises)*, 994 F.2d 1160, 1167 (5th Cir. 1993); *In re Sun Country Development, Inc.*, 764 F.2d 406, 408 (5th Cir. 1985). Moreover, the Debtor's "state of mind" is irrelevant to the determination of whether §1129(a)(3) has been satisfied. *In re Ferch*, 333 B.R. 781, 784 (Bankr. W.D. Tex. 2005). This Court's factual determinations finding that the Plan was proposed in good faith are, again, only subject to review based on a "clearly erroneous" standard, which has not been met by Whitney Bank.

**Whitney Bank Does Not Face Irreparable Injury**

8.     Whitney Bank next contends that it will suffer "irreparable harm" in the absence of a stay, contending that its appeal could be rendered moot.   The possibility that an appeal could be rendered moot by a denial of the stay does not, in and of itself, constitute irreparable harm. *See McDermott Gulf Operating Co. v. Con-Dive, LLC,* 2009 WL 1855929 *10 (S.D. Ala. June 29, 2009)(noting that a majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm); *In re American Land Acquisition Corp*., 2013 WL 2481534 *7 (E.D.N.Y. June 10, 2013))same holding).   Whitney Bank does not identify any other alleged harm.   Given that Whitney Bank has a substantial equity cushion, and that every witness testified that the market in this area is improving, Whitney Bank is protected and does not face irreparable harm.

**A Stay Will Harm the Reorganized Debtor**

9.     Whitney Bank also contends that the Reorganized Debtor will not be harmed if a stay is issued.   In fact, the harm of the Reorganized Debtor will be significant.   SCC Kyle has finally been able to emerge from bankruptcy, which eliminates the "cloud" hanging over the property as a result of the bankrupcty filing.   In fact, the Reorganized Debtor has already been able to enter one sale contract post-confirmation with a buyer that has indicated that it wanted to ensure that SCC had a confirmed plan of reorganization.   Additionally, the stay would effectively allow Whitney Bank to attempt to block any potential sale by the Reorganized Debtor in an effort to weaken the Reorganized Debtor and strength Whitney Bank's position. In other words, Whitney Bank would continue to be allowed to block any potential sale by the Reorganized Debtor, just as it has objected to every potential sale by the Reorganized Debtor during the course of this bankruptcy proceeding. In fact, in weighing the harm to Whitney Bank

(which will continue to receive payments, and even based on its own appraiser be paid in full) versus the harm to the Reorganized Debtor, the harm to the Reorganized Debtor is clearly greater given though Whitney Bank has made it clear that it will take every step necessary to attempt to block this Reorganized Debtor from selling the property in the ordinary course of business.

### There Are No Public Policy Implications

10. Finally, there is no public interest implicated that would require protection for Whitney Bank. This prong is only implicated where the matters at issue involve public rights, or the private rights of many individuals. *Culwell v. Texas Equipment Co., Inc. (In re Texas Equipment Co, Inc.)*, 283 B.R. 222, 228 (Bankr. N.D. Tex. 2002). There are no such matters at issue in this case.

WHEREFORE, based on the foregoing, SCC requests that the Court deny Whitney Bank's Motion for Stay, and that it have such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

HOHMANN, TAUBE & SUMMERS, L.L.P.

By: */s/ Mark C. Taylor*
    Eric J. Taube
    State Bar No. 19679350
    Mark C. Taylor
    State Bar No. 19713225
100 Congress Ave., Suite 1800
Austin, Texas 78701
(512) 472-5997
(512) 472-5248 (Fax)

ATTORNEYS FOR REORGANIZED DEBTOR

**CERTIFICATE OF SERVICE**

   A true and correct copy of the foregoing was served by ECF delivery on the persons listed below, and all others receiving ECF notice, on this 6th day of August, 2013:

James G. Ruiz
Winstead PC
401 Congress Ave., Suite 2100
Austin, Texas 78701

               */s/ Mark C. Taylor*
               Mark C. Taylor