IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 12-11978-HCM-11 |
| SCC KYLE PARTNERS, LTD., | § | (CHAPTER 11) |
| | § | |
| DEBTOR. | § | |

## WHITNEY BANK'S HEARING BRIEF IN SUPPORT OF OBJECTION TO CLAIM OF SETON FAMILY OF HOSPITALS

TO THE HONORABLE H. CHRISTOPHER MOTT:

WHITNEY BANK, successor-by-merger to Whitney National Bank, individually and as agent for certain pre-petition lenders ("Whitney Bank"), a secured creditor and party in interest, files its brief of legal authorities in support of its Objection to the Proof of Claim of Seton Family of Hospitals [Docket # 106].

### ARGUMENT AND BRIEF OF AUTHORITIES

*SETON'S CLAIM IS UNENFORCEABLE UNDER TEXAS LAW*

1. The Texas Supreme Court has adhered to the maxim that "a man must be just before he is generous." *Walker v. Loring*, 89 Tex. 668, 673, 36 S.W. 246, 247 (Tex. 1896); *Zahira Spiritual Trust v. United States*, 910 F.2d 240, 249 (5th Cir. 1990)(refusing to recognize spiritual fulfillment as fair consideration for a transfer to charity because "[t]he relevant inquiry …is whether the debtor received monetary, not spiritual, consideration."). The Pledge form at issue on its face states as follows:

> "I/We understand that The Seton Hays Foundation will use my gift to help defray the cost to plan, construct, equip facilities and/or fund on-going programs at Seton. The Seton Hays Foundation affirms that no goods or services were provided to the donor in exchange for their contribution. Please consult your tax advisor as to the deductibility of your donation."

Therefore, the express terms of the Pledge state it is a "gift" for which no consideration was given in exchange. In addition, the Pledge does not contain any language indicating an

---

agreement to be bound. Instead, the Pledge recites "It is my/our pleasure to pledge $1,000,000.00 to the Seton Hays Foundation."

2. A contract lacking consideration is unenforceable under Texas law. *Garza v. Villarreal*, 345 S.W.3d 473, 483 (Tex.App.-San Antonio 2011, pet. denied). Consideration is a bargained-for exchange of promises. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 409 (Tex. 1997). Consideration consists of either a benefit to the promisor or a detriment to the promise. *N. Nat. Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 607 (Tex. 1998). A contract that lacks consideration lacks mutuality of obligation and is unenforceable. *Fed. Sign*, 951 S.W.2d at 409. Seton's claim based upon the pledge form is not an enforceable contract because it was not supported by valid consideration. To the extent, Seton asserts reservation of the naming rights constitutes valid consideration, the claim still fails because any such naming rights does not benefit the Debtor or the creditors of the Debtor's estate. *See In re 375 Park Ave. Associates, Inc.*, 182 B.R. 690, 697 (Bankr. S.D.N.Y. 1995).

3. First, it is undisputed Seton did not name the grand entrance or lobby after the Debtor or any related entity. Consequently, any purported agreement to reserve the naming of the grand entrance and lobby would have been at best an executory contract which the Debtor breached in 2008, and did not assume in connection with confirmation of the Second Amended Plan of Reorganization. Second, there was no agreement that the name of the Debtor would be the name used on the grand entrance and lobby. Naming the grand entrance and lobby after Scott Deskins or one of his other companies like SCC Development, Inc. would not benefit the Debtor or the creditors in any way. Third, the pledge was not for a specific enterprise - it was to the Seton Hays Foundation generally and could be used "to help defray the cost to plan, equip facilities and/or fund ongoing programs at Seton."

4. Seton can show no reliance on the Pledge, such as an expenditure of money or incurrence of an indebtedness based thereon, as the agreements with the City of Kyle, Texas and Hays County, Texas to build the hospital were entered into almost a year before the Pledge. Seton did not even list the Pledge as a receivable on its Form 990 Returns filed with the IRS for the years 2008-2010. To the extent Seton ever included the Pledge in an annual budget, "a hope or expectation, even though well founded, is not the equivalent to either legal detriment or reliance." See *Congregation Kadimah Toras-mosche v. DeLeo*, 540 N.E.2d 691, 693 (Mass. 1989).

### PRAYER

**WHEREFORE**, Whitney Bank respectfully requests that the Court enter an order disallowing Seton Family of Hospitals' Amended Proof of Claim [Claim No. 4]. Whitney Bank also requests any and all other general relief to which it may be entitled.

**DATED: August 28, 2013**

WINSTEAD PC
401 Congress Ave., Suite 2100
Austin, Texas 78701
512/370-2800 – telephone
512/370-2850 – facsimile

By: /s/ *James G. Ruiz*
James G. Ruiz
State Bar No. 17385860

**ATTORNEYS FOR WHITNEY BANK**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 28, 2013, a true and correct copy of this document was served electronically on all registered ECF users in this case, and by U.S. first class mail on all persons identified below and to the creditors identified by Debtor in the attached matrix:

Eric J. Taube
Hohmann Taube & Summers, LLP
100 Congress Ave., Suite 1800
Austin, TX 78701
Facsimile: (512) 472-5248

OFFICE OF THE U.S. TRUSTEE
903 San Jacinto Blvd., Room 230
Austin, TX 78701
Facsimile: (512) 916-5331

Ida A. Murguia, JD
1345 Philomena Street, Suite 410.2
Austin, Texas 78723

/s/ *James G. Ruiz*
James G. Ruiz